FILED '08 SEP 17 08:05 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TY DAUL and RAYMOND GRUBE,

    Plaintiffs,

    v.

PPM ENERGY, INC.

    Defendant.

ORDER

Civil No. 08-524-AC

HAGGERTY, Chief Judge:

    Magistrate Judge Acosta referred to this court a Findings and Recommendation [26] in this matter. The Findings and Recommendation recommends denying plaintiffs' Motion to Remand [9]. Plaintiffs filed timely objections. The court has performed a *de novo* review, evaluated the Findings and Recommendation, the objections, and the entire record. The court adopts the Findings and Recommendation.

1     - ORDER

## DISCUSSION

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). There has been no objection to the factual summary in the Findings and Recommendation.

However, plaintiffs object to the Magistrate Judge's finding that the Special Severance Protection Agreement (Agreement) is an employee benefit plan under the federal Employee Retirement Income Security Act (29 U.S.C. §§ 1001 *et seq.* (2006) (ERISA)). Plaintiffs also cite the Magistrate Judge's observation that an "absence of a specific grant of discretionary authority to the plan administrator" does not prohibit a finding that the Agreement qualifies as an ERISA plan. Findings and Recommendation at 15. Consequently, plaintiffs assert that the Magistrate Judge will be required to conduct *de novo* review of the plan administrator's actions.

### 1.    The Agreement is an Employee Benefit Plan

Plaintiffs first object to the Findings and Recommendation's conclusion that the Agreement is an employee benefit plan under ERISA. The Findings and Recommendation relies on *Bogue v. Ampex Corp.*, 976 F.2d 1319 (9th Cir. 1992). In *Bogue*, the Ninth Circuit held that the severance package at issue was an employee benefit plan under ERISA, observing that "ERISA preemption is notoriously broad . . . ." *Id.* at 1323.

The court agrees with plaintiffs that *Bogue*'s holding has been limited subsequently by the Ninth Circuit. Pl.'s Objections to Findings and Recommendation at 7; *Delaye v. Agripac, Inc.*, 39 F.3d 235 (9th Cir. 1994); *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313 (9th Cir. 1997). Despite these limitations, *Bogue* remains valid Ninth Circuit law.

Having reviewed both the facts and the relevant case law, the court agrees that the

Agreement is "substantially similar" to the plan in *Bogue*. Findings and Recommendation at 13. Plaintiffs argue that the Agreement does not constitute an "ongoing administrative scheme" requiring "ongoing, particularized, administrative, discretionary analysis." *Delaye*, 39 F.3d at 237; *Bogue*, 976 F.2d at 1323. Plaintiffs point out that, under the Agreement: (1) "no payments would have to be made to the three employees;" (2) there was only a "limited, 13-month window" for severance benefits, and (3) defendant was only required to make a single payment. Pl.'s Objections to Findings and Recommendation at 3. In *Bogue*, however, the Ninth Circuit explained that:

> [a]lthough its application was uncertain, its term was short, and the number of its participants was small, the programs' administration required a case-by-case discretionary application of its terms.

976 F.3d at 1323.

Plaintiffs further argue that applying the Agreement only required a "modicum of discretion," that was insufficient to support a finding of preemption. *Velarde*, 105 F.3d at 1317.

The court agrees with the Findings and Recommendation that the Agreement imposed a duty analogous to the severance package in *Bogue*. 976 F.2d at 1321 (severance payments triggered if employee not provided "substantially equivalent employment"); *compare Delaye*, 39 F.3d at 237 (severance payments dependent on whether employee was terminated for cause or without cause); *and Velarde*, 105 F.3d at 1315 (employees eligible for "stay on bonus" unless they were terminated for cause).

As recounted in the Findings and Recommendation, the Agreement required an analysis of whether an employee's role had "'unilaterally changed'" and "'been materially diminished in a manner which effectively removes the employee from a position substantially comparable to the one the employee held immediately prior to the Change in Control.'" Findings and

3      - ORDER

Recommendation at 13 (quoting the Agreement). In addition, the Agreement required a detailed analysis of whether an employee had suffered a "Material Alteration in Compensation." *Id.*

The Findings and Recommendation concluded correctly that the Agreement "creates an ongoing administrative scheme which obligates [defendant] to consider the unique circumstances of each of the covered employees and determine whether they are entitled to severance pay and benefits under the terms of the Agreement." *Id.* at 14. This court agrees that the Agreement's "substantially comparable" language necessitates an analysis by the plan administrator that is similar to the "substantially equivalent" language present in *Bogue*. Accordingly, the Agreement is an employee benefit plan under ERISA. Federal jurisdiction is appropriate.

### 2.     Standard of Review

In addition to the question of jurisdiction, plaintiffs address the standard of review to be used for reviewing the actions of the plan administrator. Plaintiffs argue that the default standard of review is *de novo*, and that before altering the standard of review to an abuse of discretion standard, "the language of the plan must provide for an *unambiguous* grant of discretionary authority to an administrator or fiduciary to determine eligibility for benefits or to construe the terms of the plan." Pl.'s Objections to Findings and Recommendation at 8 (emphasis in original).

As noted above, the Findings and Recommendation observed that "the absence of a specific grant of discretionary authority to the plan administrator in the Agreement does not prohibit a finding that the Agreement is an employee benefit plan under" ERISA. Findings and Recommendation at 15. Plaintiffs argue that the "absence of such a grant of discretionary authority precludes the application of an abuse of discretion standard in this case." Pl.'s Objections to Findings and Recommendation at 9.

Plaintiffs' argument is premature. Although the Findings and Recommendation addressed

4     - ORDER

whether the plan administrator needed to exercise discretion, the commentary was in reference to whether the Agreement required "ongoing, particularized, administrative, discretionary analysis." 976 F.2d at 1323. The standard of review also depends upon whether a plan administrator has discretionary authority, but this is an independent issue from whether the Agreement is an ERISA plan. The Findings and Recommendation addressed plaintiffs' Motion to Remand. Objections about applicable standards for future review are not yet ripe.

Moreover, the court rejects plaintiffs' assertion that "the magistrate found that the Agreement did not contain a 'specific grant of discretionary authority to the plan administrator.'" Pl.'s Objections to Findings and Recommendation at 9. The Findings and Recommendation indicated that the plan administrator was obligated "to analyze the circumstances of Plaintiffs' resignations in light of certain designated criteria," even without a specific grant of discretionary authority. Findings and Recommendation at 15. Contrary to plaintiffs' interpretation, the Findings and Recommendation made no determination regarding the Agreement's grant of discretionary authority. Rather, the Findings and Recommendation, assuming *arguendo* "the absence of a specific grant of discretionary authority to the plan administrator in the Agreement," correctly concluded that the plan administrator still needed to exercise discretion.

5      - ORDER

## CONCLUSION

The court adopts the Findings and Recommendation [26]. Plaintiffs' Motion to Remand [9] is denied.

IT IS SO ORDERED.

DATED this 16 day of September, 2008.

 

Ancer L. Haggerty
United States District Judge

6    - ORDER