FILED
MAR 0 7 2011

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TY DAUL and RAIMUND GRUBE,                             No.: 3:08-CV-00524-AC

                   Plaintiffs,          OPINION AND ORDER

     v.

PPM ENERGY, INC., now known as
IBERDROLA RENEWABLES, INC., and
ENHANCEMENTS FOR KEY PPM
EMPLOYEES PLAN,

               Defendants.

---

ACOSTA, Magistrate Judge:

### Introduction

Before the court is a Motion for Attorney's Fees pursuant to 29 U.S.C. § 1132(g)(1) made

by PPM Energy, Inc. and Change in Control Severance Enhancements for Key PPM Employees Plan

(collectively "Defendants"). For the reasons set forth below, the court DENIES Defendants' motion.

OPINION AND ORDER                              1                              {ALG}

*Factual Background*

Plaintiffs Ty Daul ("Daul") and Raimund Grube ("Grube") (collectively "Plaintiffs") are beneficiaries of the Special Severance Protection Plan ("SSPP"), which is an employee benefit plan under the Employee Retirement Income Security Act ("ERISA"). The SSPP replaced the existing severance plan that their employer, PPM Energy, Inc.[1] ("PPM") had in place. Plaintiffs participated in the previous plan that PPM offered, and in September 2007, Plaintiffs elected to participate in the new plan, the SSPP. On November 15, 2007, Plaintiffs advised PPM that they intended to initiate "qualifying employee-initiated resignations" pursuant to the terms of the SSPP. Plaintiffs believed they were entitled to benefits under the SSPP, alleging that: 1) the decision to replace the Value Appreciation Rights ("VAR") Plan with a new VAR plan constituted a material alteration in their compensation; 2) changes to the Annual Incentive Plan ("AIP") constituted a material alteration in compensation; and 3) they experienced a "constructive dismissal" under the SSPP. PPM refused to pay Plaintiffs the severance pay and benefits provided for in the SSPP because it did not believe that Plaintiffs' resignations qualified under the terms of the plan. After Defendants declined to arbitrate the issue, Plaintiffs brought suit to recover the pay and benefits they believed they were entitled to.

On October 8, 2010, having previously ruled for Defendants on several dispositive motions, this court entered a judgment dismissing all of Plaintiffs' claims with prejudice. Defendants now request that the court award Defendants their reasonable attorney's fees and costs. The court has discretion to deny a fee request to the prevailing party after considering five relevant factors. As will be discussed below, three of the factors weigh against an award of attorney fees and two factors are neutral to the analysis. In light of this balance of relevant factors and in its discretion, this court

---

[1]PPM Energy, Inc. is now known as Iberdrola Renewables, Inc.

OPINION AND ORDER                             2                             {ALG}

denies Defendants' motion for fees.

## Legal Standard

In ERISA actions, a district court may award attorney fees and costs to the prevailing party, including employers. 29 U.S.C. § 1132(g)(1) (2009); *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1415 (9th Cir. 1984). In exercising this discretion, the court should keep in mind ERISA's remedial purposes and should construe those purposes liberally in favor of protecting participants in employee benefit plans. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999). In furtherance of protecting plan participants, the Ninth Circuit recognizes a "special circumstances doctrine" whereby a prevailing ERISA-participant is entitled to receive attorney fees unless the employer can show special circumstances as to why such an award would be unjust. *Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*, 384 F.3d 667, 674 (9th Cir. 2004). However, the Ninth Circuit has stressed that when examining an attorney fee claim in an ERISA case, a court is not to favor one side over the other because the statute makes clear that the playing field is level. *Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997). Regardless, the Ninth Circuit typically finds that attorney's fees should not be imposed against ERISA plaintiffs. *See, e.g., Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246, 1253 (9th Cir. 1993) (emphasizing that without explicit justification, the court should not displace its "common perception" that attorney fees are not to be charged against employee-plaintiffs).

## Discussion

The Ninth Circuit uses a five-factor test to determine whether to allow an ERISA fee award. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980). The five factors are:

OPINION AND ORDER                          3                          {ALG}

1) the degree of the opposing party's culpability or bad faith;

2) the ability of the opposing party to satisfy an award of fees;

3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;

4) whether the party requesting the fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question; and

5) the relative merits of the parties positions.

*Id.* at 453. None of these factors are necessarily decisive and some of them may not be pertinent to the particular case at hand. *Russell*, 726 F.2d at 1416. Instead, the five factors must be balanced, and not all of the factors must weigh in favor of a fee award. *McElwaine*, 176 F.3d at 1172. A "mere numerical assessment" of the five factors does not control the analysis. *Fabian Fin. Servs. v. Kurt H. Volk, Inc. Profit Sharing Plan*, 768 F.Supp. 728, 734 (C.D. Cal. 1991).

Courts have generally found that the third and fourth *Hummell* factors are more appropriately analyzed when determining whether to award fees to a plaintiff, in contrast to a defendant, because the policy reasons behind the *Hummell* analysis better apply to institutional litigants in the ERISA arena. *Tingley v. Pixley-Richards West, Inc.*, 958 F.2d 908, 910 (9th Cir. 1992). These policies recognize that a losing employer has "necessarily violated ERISA," whereas a losing plaintiff "may only be in error or unable to prove his case." *Russell*, 726 F.2d at 1416. Nevertheless, courts still analyze these factors when a prevailing defendant seeks attorney's fees and costs. *Alfonso v. Tri-Star Search LLC*, No. 07-1208, 2009 WL 2517080, at *5 (Aug. 14, 2009).

I.   Degree of Culpability or Bad Faith

A court may award attorney fees without finding bad faith. *Id.* However, a finding against the plaintiff on the merits does not necessarily mean the plaintiff brought the suit in bad faith. *Hope v. Int'l Bhd. of Elec. Workers*, 785 F.2d 826, 831 (9th Cir. 1986). This is because an incorrect legal

OPINION AND ORDER                    4                    {ALG}

position is not synonymous with an "unmeritorious" position, or one made in bad faith. *Id.* In order to avoid a finding of bad faith, a plaintiff's argument in the underlying suit must have been a "reasonable and plausible argument that an attorney could make in good faith." *Lessard v. Applied Risk Mgmt., Inc.*, No. C-99-3371, 2001 WL 34033100, at *6 (N.D. Cal. May 22, 2001). Even if the plaintiff fails to prove an actionable claim, the plaintiff still acted in good faith if the record contains sufficient material to conclude a reasonable basis existed for his ERISA claims. *Id.*

Because an inquiry into good faith is tied to Plaintiffs' reasonableness in bringing the underlying ERISA claims, Defendants have incorrectly focused on Plaintiffs' alleged dishonesty regarding ability to pay attorney's fees. Defendants allege that Plaintiffs have misled the court by arguing that they cannot afford to pay $351,987 in attorney fees when, in fact, each Plaintiff would only be accountable for half of that amount – $175,994 each. Further, Defendants argue that each Plaintiff owns a substantial amount of real estate with equity sufficient to cover the attorney fees requested. Regardless of the truth of these allegations, the first *Hummell* factor focuses on the bad faith or culpability of the opposing party in bringing claims in the underlying suit. As discussed below, Plaintiffs did not act in bad faith or with culpability in bringing the underlying ERISA claims.

The record contains sufficient material to conclude that Plaintiffs had a reasonable basis in bringing their claims. While Defendants have focused on the fact that Plaintiffs did not win on the merits, they overlook that Plaintiffs prevailed on the threshold question of the applicable standard of review. In August 2009, the court found that Defendants had committed flagrant procedural violations of ERISA sufficient to warrant a change from an abuse of discretion standard to a *de novo* standard of review. Such change was warranted because the plan bore few of the hallmark protections of an ERISA plan.

When Plaintiffs' claims were first denied by PPM, Plaintiffs were not told that they could

formally appeal the denial of their claim. They were not told how much time they had to file an appeal; what to do if the appeal were to be denied; or that they had a right to bring a civil action under ERISA following an adverse determination. Certainly, the mere fact that PPM was found to have acted in "utter disregard of the underlying purposes of the plan" is sufficient to show that Plaintiffs had merit in arguing that Defendants violated the plan. Without an internal appeal system in place at PPM, Plaintiffs brought this suit as their only way to collect the benefits they thought they were due.

In addition to proving that Defendants had committed several procedural violations of ERISA, Plaintiffs' claims also had merit because they included disputable issues. For example, Plaintiffs argued that there had been a "material change in compensation." When reading the plan, it was not facially clear what constituted such a change. Plaintiffs also did not engage in any conduct commonly held to constitute bad faith. They did not fail to exhaust administrative remedies, violate the plan's terms, or bring the suit for the purpose of harassing the Defendants. *Wallace v. Bashas' Inc. Group Disability Plan*, No. 07-1208, 2010 WL 2471867, at *2 (D. Ariz. May 14, 2010); *Norwood v. Leland Stanford Jr. Univ.*, No. 08-2250, 2009 WL 69354, at *3 (N.D. Cal. January 9, 2009). Because Plaintiffs had a reasonable basis in bringing their claims against Defendants and there is no indication of bad faith. The first *Hummell* factor favors the denial of attorney's fees.

II.    Ability to Satisfy an Award of Fees

The second *Hummell* factor is the ability of the opposing party to satisfy an award of fees. An employee's ability to pay for the attorney's fees incurred by the defendant should be carefully analyzed because ERISA is intended to afford plan participants effective access to the courts, and an employee's resources are usually limited. *Lee v. Sun Life Assurance Co. of Can.*, No. 08-140, 2010 WL 2231943, at *2 (D.Or. Apr. 1, 2010). Therefore, the Ninth Circuit can consider not only whether

OPINION AND ORDER                          6                          {ALG}

a plaintiff literally has the funds to pay an award, but whether such an award would constitute a heavy burden. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 231 (9th Cir. 1995); *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).

As discussed above, when an ERISA-participant plaintiff wins on the merits, case law is clear that there is a rebuttable presumption that the plaintiff receive attorney fees. *Carpenters Health & Welfare Trust for S. Cal.*, 384 F.3d at 674. The defendant would have to prove "special circumstances" to rebut that presumption. *Id.* When the prevailing party is not the ERISA participant, however, then the burden is on the moving party to prove that the opposing party has an ability to pay the award. *See, e.g., Hope*, 785 F.2d at 831 (in affirming denial of defendants' request for attorney fees, Ninth Circuit observed that defendants had failed to show that plaintiffs were able to satisfy an award.).

In *Alfonso v. Tri-Star Search LLC*, for example, a district court found the second *Hummell* factor to be neutral when the parties offered conflicting evidence regarding plaintiff's ability to pay for an award of attorney fees. *Alfonso*, 2009 WL 2517080, at *5-6. In that case, a former employee sued her employer for ERISA benefits and lost on the merits. *Id.* at 1. The court held that she had not acted in bad faith in bringing those claims, however, and denied the defendants' request for attorneys fees. *Id.* at 3-4. Although the defendants had put forward evidence regarding the plaintiff's recent divorce settlement and statements from her ex-husband regarding her net worth, the court did not find this evidence sufficient to satisfy the defendants' burden. *Id.* at 4-5. Ultimately, the court lacked figures that were critical to its analysis – "plaintiff's present net worth, the present balance of any savings, investment, or retirement accounts, a list of her other personal assets, or her income from her new [position.]" *Id.* at 5.

OPINION AND ORDER                               7                               {ALG}

Similarly, in this case, Defendants have put forward evidence regarding Plaintiffs' ability to pay that does not include all requisite financial information. Defendants' evidence reveals that Plaintiffs collected an amount from PPM, between April 2006 and October 2008, sufficient to cover their portion of the requested award – roughly $176,000 per Plaintiff. Defendants also point out that Plaintiffs can afford to cover Defendants' attorney's fees because both Daul and Grube have purchased a home since 2008 with an amount of equity that exceeds the attorney's fees requested from each party. This evidence clearly shows that Plaintiffs are not impecunious but, even still, it is incomplete. Further, the evidence does not show whether an award of fees would constitute "a heavy burden" on Plaintiffs at the current time.

Although Plaintiffs were vague and not forthcoming in their presentation of evidence on the ability to pay factor, this does not constitute bad faith in bringing the underlying ERISA claims. Defendants' evidence regarding ability to pay is too conclusory to determine whether or not Plaintiffs can actually afford to pay an award. Because the burden to prove ability to pay is on the moving party, without those critical figures, Defendants did not sustain their burden that an award of $351,987, split among Plaintiffs, would not constitute a "heavy burden." Therefore, the second *Hummell* factor weighs against an award of attorney's fees.

III.    Deterrence

While an award of attorney's fees may deter future plaintiffs from bringing meritless ERISA claims, such an award may also deter future plaintiffs from bringing legitimate claims. This is a serious risk considering that one of ERISA's goals is to protect plan participants. *Wallace*, 2010 WL 2471867, at *2. As stated above, Plaintiffs had a reasonable belief in bringing their ERISA claims in the underlying suit. Therefore, awarding fees serves no deterrent purpose. To the extent that Defendants argue that these are groundless claims because Defendants ultimately were the prevailing

party, this court rejects that argument. Having found that the underlying ERISA claims still had

merit, imposing a fee award against Plaintiffs would more likely deter legitimate claims than

discourage "litigants from relentlessly pursuing groundless claims." *Credit Managers Assoc. v.*

*Kennesaw life & Acc. Ins. Co.*, 25 F.3d 743, 748 (9th Cir. 1994). Therefore, the third *Hummell*

factor weighs against an award of attorney's fees.

IV.    Ability to Benefit All Participants of an ERISA Plan or Resolve a Significant Legal Question

The fourth *Hummell* factor analyzes whether the party requesting fees sought to benefit all

participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding

ERISA. However, analysis of this factor is most appropriate when it is a prevailing plaintiff, and not

a defendant, who seeks an award of attorney's fees. Because neither party sought to benefit any non-

party to this suit and no significant unresolved legal issues were presented, this factor is neutral.

V.    Relative Merits of the Parties

The final factor in the *Hummell* analysis looks to the relative merits of the parties' positions –

essentially the result obtained by the plaintiff. *Lafferty*, 2011 WL 127489, at *3. In addition to the

outcome of the underlying suit, the court may analyze under this factor whether the law was clear at

the time of litigation, whether the losing party had a strong equitable argument despite it ultimately

being foreclosed on, and whether the losing party's position was simply "incorrect" rather than

"unmeritorious". *Honolulu Joint Apprenticeship & Training Comm. of United Assoc. Local Union*

*No. 675 v. Foster*, 332 F.3d 1234 (9th Cir. 2003). In evaluating this factor, "courts should be careful

neither to penalize [parties] for seeking to enforce employer obligations under ERISA nor to

encourage employers to be indifferent to their obligations." *Carpenters S. Cal. Admin. Corp*, 726

F.2d at 1416.

On October 8, 2010, this court entered a judgment dismissing all of Plaintiffs' claims with

OPINION AND ORDER                                    9                                    {ALG}

prejudice. Prior to that, however, in August 2009, the court found that Defendants had committed flagrant procedural violations of ERISA sufficient to warrant a change from an abuse of discretion standard to a *de novo* standard of review. The standard of review often has a meaningful effect on the outcome of the case and Plaintiffs prevailed on that issue. Further, Plaintiffs' arguments on the material change in compensation were reasonable in light of the plan's vagueness on this point. Although Plaintiffs' ultimately lost the suit, this factor asks the court to assess the *relative* merits of the parties' positions. With substantial gains made by each party, even with Defendants ultimately prevailing, this factor is neutral.

<em>Conclusion</em>

An analysis of the five *Hummell* factors prompt the court to deny an award of attorney's fees and costs to the Defendants. Plaintiffs did not act in bad faith or with culpability and therefore an award of fees is not likely to deter others from acting the way that Plaintiffs did. Although the Plaintiffs could likely afford to pay an award of attorney fees, Defendants did not meet their burden in proving such ability. Neither party sought to benefit any non-party to this suit and no significant unresolved legal issues were presented. And while Defendants were ultimately successful on the merits, Plaintiffs' position did not lack merit and was substantial enough to warrant a change in the standard of review. Because an award of attorneys fees is not appropriate in this circumstance, the analysis regarding the reasonableness of the amount of Defendants' requested attorney's fees is not necessary. Defendants' motion (#137) for attorneys fees is DENIED.

DATED this 7th day of March, 2011.

JOHN V. ACOSTA
United States Magistrate Judge

OPINION AND ORDER                    10                    {ALG}